UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARONTA SEVILLE BRIDGES, BRIDGES AND SON, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> U-HAUL CO. OF INDIANA, INC. d/b/a U-HAUL MOVING AND STORAGE OF LAWRENCE, INC., <br> RASHAY LEAVELL, <br> DOROTHY PIERCE, <br> INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, <br> CHRIS PRITCHETT, <br> ROMEO JOSON, <br> THE CITY OF INDIANAPOLIS, <br><br> Defendants. | No. 1:25-cv-00587-SEB-TAB |

**ORDER ON PLAINTIFF'S MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Aronta Seville Bridges has filed a motion seeking assistance with recruiting counsel. [Filing No. 33.] Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. Walker v. Price, 900 F.3d 933, 938 (7th Cir. 2018). Instead, the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), gives courts the authority to "request" counsel for any person unable to afford counsel. Mallard v. United States District Court, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See* Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would

benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

In deciding whether to attempt to recruit *pro bono* counsel, "'the district court is to make the following inquiries: (1) has the indigent [litigant] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [litigant] appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. Id. These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See* Pruitt, 503 F.3d at 655-56.

The first question, whether the litigant has made a reasonable attempt to secure private counsel on his own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. Plaintiff had counsel representing him in this matter, but counsel withdrew in April 2025 because of counsel's age, health concerns, and desire to reduce his active litigation representation. [Filing No. 11, at ECF p. 2.] Thus, Plaintiff has already demonstrated the ability to retain counsel previously. In addition, while Plaintiff's motion indicates he has made multiple unsuccessful attempts to obtain counsel, it also states that at least one other lawyer reviewed Plaintiff's case and expressed an interest in representing him, but his prior lawyer began representation before this additional potential counsel could do so. Therefore, it appears Plaintiff has not made an exhaustive search for counsel and may have another option available.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the [litigant] to litigate those claims himself." Eagan,

2

987 F.3d at 682 (citing Pruitt, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular [litigant's] capacity as a layperson to coherently present it to the judge or jury himself.' " Id. (quoting Pruitt, 503 F.3d at 655). "This assessment of [a litigant's] apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.' " Id. (quoting Pruitt, 503 F.3d at 655). There are no fixed criteria for determining whether a litigant is competent to litigate his own case, but case law indicates the Court should consider factors such as the litigant's literacy, communication skills, education level, litigation experience, intellectual capacity, and psychological history. Id.

      The Court finds that at this stage, Plaintiff is able to litigate on his own. This matter is still in the beginning stages and involves relatively straightforward allegations of civil rights violations. Plaintiff has no difficulty reading or writing, and he attended some college. Moreover, as noted above, Plaintiff secured counsel previously and indicated he may have other potential representation as well. For all these reasons, Plaintiff's motion for assistance with recruiting counsel is denied without prejudice. [Filing No. 33.] The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial, and Plaintiff may re-file his motion if circumstances change.

    Date: 7/25/2025

                                         Tim A. Baker
                                         United States Magistrate Judge
                                         Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ARONTA SEVILLE BRIDGES
1938 Moray Ct E
Indianapolis, IN 46260