UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ARONTA SEVILLE BRIDGES,        )
BRIDGES 7 SONS, LLC,           )
                               )
           Plaintiffs,         )
                               )
      v.                       )       No. 1:25-cv-00587-SEB-TAB
                               )
U-HAUL CO. OF INDIANA, INC. d/b/a U-  )
HAUL MOVING AND STORAGE OF     )
LAWRENCE, INC.,                )
                               )
           Defendant.          )

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

Now before the Court is the Motion to Remand [Dkt. 43] filed by Plaintiffs Aronta

Seville Bridges and Bridges 7 Sons, LLC.  For the reasons detailed below, Plaintiff's

motion is GRANTED.

**Factual Background**

On August 15, 2024, Plaintiffs filed their original complaint in Marion Superior

Court, alleging state law claims of defamation, slander, malicious prosecution,

negligence, gross negligence, and intentional infliction of emotional distress against U-

Haul Co. of Indiana ("U-Haul"), U-Haul International, Inc. ("U-Haul International", and

U-Haul employees Rashay Leavell and Dorothy Pierce.[1]  In their original complaint,

Plaintiffs alleged that Mr. Bridges was wrongfully criminally charged with auto theft and

---

[1] Prior to removal, U-Haul International was dismissed without prejudice for lack of personal jurisdiction.  On August 25, 2025, Rashay Leavell and Dorothy Pierce were voluntarily dismissed with prejudice.  Dkt. 48.

identity deception after a report of theft and the identification of Mr. Bridges by U-Haul employees Leavell and Pierce.

On March 4, 2025, Plaintiffs were granted leave to file an amended complaint in Marion Superior Court, adding federal constitutional claims against the City of Indianapolis, Indianapolis Metropolitan Police Department, Officer Chris Pritchett, and Officer Romeo Joson (collectively, the "City") in connection with Mr. Bridges arrest. On March 27, 2025, the City timely removed this case from the Marion Superior Court to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submitting that the Court has original jurisdiction over Plaintiffs' federal constitutional claims and supplemental jurisdiction over the state law claims. Plaintiffs did not contest the City's grounds for removal.

On August 7, 2025, Plaintiffs voluntarily dismissed their federal constitutional claims with prejudice. The following day, August 8, 2025, Plaintiffs filed the instant motion to remand. Defendant objects to remand as an attempt by Plaintiffs to manipulate the forum. Plaintiffs' Motion to Remand is now fully briefed and ripe for ruling.

## Legal Analysis

Under 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal court if the action could have originally been brought in federal court. "[W]hether subject-matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (emphasis removed). "Once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the

2

federal court's jurisdiction does not defeat the original removal." *DCG Indiana, Inc. v. Cardinal XLIII, LLC*, No. 1:23-cv-01058-MPB-KMB, 2023 WL 11056684, at *2 (S.D. Ind. July 28, 2023).  In other words, when a case is properly removed, that original "removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim." *Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988) (citations omitted).

However, "[w]hen federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).  "Although the decision is discretionary, '[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Id.* at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)).

"When exercising this discretion, the Court considers fairness, comity, and judicial economy," which can include consideration of "whether the motion to remand was based on a tactical dismissal of the federal claim on which removal was based." *DCG Indiana*, 2023 WL 11056684, at *2 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.")).  In applying these factors, the Seventh Circuit has identified "three well-recognized exceptions" to the

general rule that "when all federal-law claims are dismissed before trial, the pendent

claims should be left to the state courts." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244,

1252 (7th Cir. 1994).  These exceptions include situations in which: "(1) the statute of

limitations has run on the pendent claim, precluding the filing of a separate suit in state

court; (2) substantial judicial resources have already been committed, so that sending the

case to another court will cause a substantial duplication of effort; or (3) when it is

absolutely clear how the pendent claims can be decided."  *Sharp Elecs. Corp. v. Metro.*

*Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009) (internal quotation marks and citation

omitted).

Here, the only claims over which this Court had original jurisdiction have now

been voluntarily dismissed with prejudice.  Accordingly, we must determine whether to

retain jurisdiction over the supplemental claims or to follow the general presumption and

remand the case.  Defendant argues that we should exercise our discretion to retain

supplemental jurisdiction over Plaintiffs' state law claims because Plaintiffs' voluntary

dismissal of the federal claims constitutes an improper attempt at forum manipulation.

However, Plaintiffs explain in their briefing in support of their motion to remand that

they dismissed their federal claims in this case after retaining new counsel, who, "[u]sing

a fresh set of eyes and a new perspective on all facts and circumstances surrounding this

matter, … determined this matter sounds predominately in negligence on behalf of the

defendant U-Haul of Indiana, d/b/a U-Haul Moving and Storage of Lawrence." Dkt. 51 at

1–2.  Under these circumstances, we cannot find that the Plaintiffs' dismissal of their

federal claims is clearly "forum manipulation," as opposed to simply the good faith assessment by a new attorney of the best legal theories to pursue.

Nor do any of the three well-recognized exceptions to the general rule that the resolution of the pendent claims be left to the state court apply here. First, there is no statute of limitations issue as the case will be remanded to the state court where it was originally brought, not dismissed. Second, this Court has not yet expended significant judicial resources on the state law claims so as to cause substantial duplication of effort in state court. Finally, while certain of Plaintiffs' claims may have more merit than others, it is not "absolutely clear" how all the pendent claims can be decided. *Wright*, 29 F.3d at 1251 ("If the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction."). For these reasons, after considering the relevant factors, we will follow the general rule and remand this case to Marion Superior Court.[2]

### Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand [Dkt. 43] is <u>GRANTED</u>. This case is remanded to the Marion Superior Court under Cause No. 49D02-2408-CT-36907, for further proceedings.

IT IS SO ORDERED.

Date: _____11/26/2025_____          _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] The Court declines to award Defendant's costs and attorney fees incurred as a result of the removal and related motion practice as requested.

Distribution:


Rochelle Elaine Borinstein
Borinstein Springer, LLP
rborinst@aol.com

Destinee Burrell
Husch Blackwell LLP
destinee.burrell@huschblackwell.com

James P O'Shea, II
Husch Blackwell LLP
james.oshea@huschblackwell.com

James P. Strenski
Drewry Simmons Vornehm, LLP
jstrenski@dsvlaw.com

Megan Wellman
Drewry Simmons Vornehm LLP
mwellman@dsvlaw.com